Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>CHANG SHA ZHUO QIAN DIAN ZI KE JI YOU XIAN GONG SI, CHANG ZHOU WAN KAI WEN HUA YONG PIN YOU XIAN GONG SI, CHENGDE JIUBO ELECTRONIC COMMERCE, DALIAN JIAXU TRADING, DONG GUAN SHI HAI QI MAO YI YOUXIANGONGSI, DONGGUAN DEZHUOSHENG BUSINESS & TRADING, DONGGUAN TINGQIWAN TRADING, FUDINGSHIXIAOQIRIYONGBAIHUOJINGYINGBU, GUANG ZHOU SHI AI NI MAO YI YOU XIAN GONG SI, GUANGZHOU DOMINEERING POINT TRADING, GUANGZHOU JIWEI INFORMATION TECHNOLOGY, GUANGZHOU LINGHE DIANZI KEJIYOUXIANGONGSI, GUANGZHOU SHUZISHANDONG KEJI YOUXIAN GONGSI, GUANGZHOU TAOPAI DEPARTMENT STORE CENTER, GUANGZHOUFUHANJIAJUYONGPINYOUXIANGONGSI, HAILUNSHIHUITENGSHANGMAOYOUXIANGONGS | CIVIL ACTION No.<br>22-cv-3739 (MMG)<br><br>~~[PROPOSED]~~<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

I, HANGZHOU MINGXU JINCHUKOU YOUXIANGONGSI, HANGZHOUHANFEIMAOYIYOUXIANGONGSI, HUIDA CROSS-BORDER LOGISTICS (SHENZHEN), HUIZHOU RUICHANGDA TECHNOLOGY, NANFANGYU (SHENZHEN) GUOJIMAOYIYOUXIANGONGSI, NANTONGWUNIUFANGZHIPINYOUXIANGONGSI, QUANZHOU DENGKU ELECTRONIC TECHNOLOGY, SHEN ZHEN SHI LE KA MAO YI YOU XIAN GONG SI, SHEN ZHEN SHI PO FU SHANG MAO YOU XIAN GONG SI, SHENZHEN DONGRENHAO TRADING, SHENZHEN FENGBO TRADING, SHENZHEN GUICHEN TECHNOLOGY, SHENZHEN HAIWEISI TECHNOLOGY, SHENZHEN HUAFEI TRADING, SHENZHEN JIENUOYI TRADING, SHENZHEN LEBANGHUI TRADING, SHENZHEN NAIERJIN TECHNOLOGY, SHENZHEN SHI JUNGE TRADING, SHENZHEN TIANYING E-COMMERCE, SHENZHEN XINYICHUANG TECHNOLOGY, SHENZHENSHI BAOANQU BISHUN SHANGMAOHANG, SHENZHENSHI MAISITONG KEJI YOUXIANGONGSI, SHENZHENSHI MITANG FANGZHIPIN YOUXIANGONGSI, SHENZHENSHI NUOSHILAN DIANZI YOUXIAN GONGSI, SHENZHENSHIAIYANKEJIYOUXIANGONGSI, SHENZHENSHIHAOSHENGZHEKEJIYOUXIANGONGSI, SHENZHENSHIHUAYUYANGMAOYIYOUXIANGONGSI, SHENZHENSHISITABORUIKEJIYOUXIANGONGSI, TAIZHOUSHIYAGESUYEYOUXIANGONGSI, WEIFANG YUJIN TRADING, WEIHAI LEKA TECHNOLOGY, WEIHAI XUSHENG TECHNOLOGY, WUHUASHUIZHAIZHENRUNLINDICHANZHONGJI, XINXIANG YALI NETWORK, XINYU MAOXIN TECHNOLOGY, XUCHANG HENGKANG TRADING COMPANY, YI WU SHI OU XING DIANZI SHANG WU YOUXIAN GONGSI, YIWEISAI (SHENZHEN) ELECTRONIC and ZAOZHUANG BOQIN TRADING COMPANY,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC | N/A |
| **Defendants** | Chang Sha Zhuo Qian Dian Zi Ke Ji You Xian Gong Si, Chang Zhou Wan Kai Wen Hua Yong Pin You Xian Gong Si, Chengde Jiubo Electronic Commerce, Dalian Jiaxu Trading, Dong Guan Shi Hai Qi Mao Yi Youxiangongsi, Dongguan Dezhuosheng Business & Trading, Dongguan Tingqiwan Trading, Fudingshixiaoqiriyongbaihuojingyingbu, Guang Zhou Shi Ai Ni Mao Yi You Xian Gong Si, Guangzhou Domineering Point Trading, Guangzhou Jiwei Information Technology, Guangzhou Linghe Dianzi Kejiyouxiangongsi, Guangzhou Shuzishandong Keji Youxian Gongsi, Guangzhou Taopai Department Store Center, Guangzhoufuhanjiajuyongpinyouxiangongsi, Hailunshihuitengshangmaoyouxiangongsi, Hangzhou Mingxu Jinchukou Youxiangongsi, Hangzhouhanfeimaoyiyouxiangongsi, Huida Cross-border Logistics (Shenzhen), Huizhou Ruichangda Technology, Nanfangyu (Shenzhen) Guojimaoyiyouxiangongsi, Nantongwuniufangzhipinyouxiangongsi, Quanzhou Dengku Electronic Technology, Shen Zhen Shi Le Ka Mao Yi You Xian Gong Si, Shen Zhen Shi Po Fu Shang Mao You Xian Gong Si, Shenzhen Dongrenhao Trading, Shenzhen Fengbo Trading, Shenzhen Guichen Technology, Shenzhen Haiweisi Technology, Shenzhen Huafei Trading, Shenzhen Jienuoyi Trading, Shenzhen Lebanghui Trading, Shenzhen Naierjin Technology, Shenzhen Shi Junge Trading, Shenzhen Tianying E-commerce, Shenzhen Xinyichuang Technology, Shenzhenshi Baoanqu Bishun Shangmaohang, Shenzhenshi Maisitong Keji Youxiangongsi, Shenzhenshi Mitang Fangzhipin Youxiangongsi, Shenzhenshi Nuoshilan Dianzi Youxian Gongsi, Shenzhenshiaiyankejiyouxiangongsi, Shenzhenshihaoshengzhekejiyouxiangongsi, Shenzhenshihuayuyangmaoyiyouxiangongsi, Shenzhenshisitaboruikejiyouxiangongsi, TaiZhouShiYaGeSuYeYouXianGongSi, Weifang Yujin Trading, Weihai Leka Technology, Weihai Xusheng Technology, Wuhuashuizhaizhenrunlindichanzhongjie, Xinxiang Yali Network, Xinyu Maoxin Technology, Xuchang Hengkang Trading Company, Yi Wu Shi Ou Xing Dianzi Shang Wu Youxian Gongsi, Yiweisai (Shenzhen) Electronic and Zaozhuang Boqin Trading Company | N/A |

i

| **Defaulting Defendants** | Dongguan Dezhuosheng Business & Trading, Quanzhou Dengku Electronic Technology, Xuchang Hengkang Trading Company, Yi Wu Shi Ou Xing Dianzi Shang Wu Youxian Gongsi and Zaozhuang Boqin Trading Company | N/A |
|---|---|---|
| **Fruugo** | Fruugo.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 6, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on May 9, 2022 | Dkt. 8 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 9, 2022 | N/A |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application | Dkt. 15 |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiff's Application | Dkt. 16 |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys, and have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. | N/A |
| **Squishmallows Application** | U.S. Trademark Serial Application No.: 90/676,140 for "ORIGINAL SQUISHMALLOWS," for goods in Class 28 | N/A |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; 2,029,047 for "KELLYTOY" for goods in Class 28; and 6,654,108 for "SQUISHMALLOWS HUG MEES" for goods in Class 28 | N/A |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Application | N/A |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint | N/A |

| **Counterfeit Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products | N/A |
|---|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Fruugo as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Alipay.com Co., Ltd. ("Alipay"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Fruugo, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are | N/A |

|  | hereinafter identified as a result of any order entered in this action, or otherwise |  |
|---|---|---|
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction Should Not Issue Against Defaulting Defendants filed on March 8, 2024 | ~~TBD~~ Dkt. No. 65 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | ~~TBD~~ Dkt. No. 66 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Squishmallows Marks and/or Squishmallows Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.     Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II.     Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

damages ("Individual Damages Award") against each of five (5) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Squishmallows Marks and/or Squishmallows Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Squishmallows Marks and/or Squishmallows Works, or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's

3

trademarks, copyrights or other rights including, without limitation, the Squishmallows Marks and/or Squishmallows Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to the Defendants' Assets and Defendants' Financial Accounts;

   C. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(B) above through III(4)(A) above.

## IV.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.     Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the One Thousand U.S. Dollar ($1,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 14th day of May, 2024,

 

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE